Davis , Brian A., J.
This is an action in which plaintiff Francia Rivera (“Plaintiff’) seeks damages for an alleged slip and fall accident at defendant Demoulas Super Markets, Inc.’s (“Demoulas”) store in Chelsea, Massachusetts in July 2010. Plaintiff claims to have fallen on some water that had leaked from a freezer in the frozen foods aisle. She was taken from the scene of the incident by ambulance. A digital security camera in Demoulas’ store is believed to have recorded the incident (the “Incident Video”), but Demoulas failed to take steps to preserve that evidence after the Plaintiffs fall. As a consequence, the only copy of the Incident Video was lost when the hard drive on which it was stored was overwritten by new video data after Demoulas’ standard 30-day retention period. Plaintiff now asserts that Demoulas’ failure to preserve the Incident Video was intentional or negligent, that she has been prejudiced as a result, and that the Court should sanction Demoulas for spoliation of important evidence by entering judgment against Demoulas on the issue of liability. Demoulas opposes the Plaintiffs request for sanctions.
After hearing on October 23, 2014, and upon careful consideration of the various written submissions *449 and oral arguments of the parties, the Plaintiffs Motion for Sanctions as to the Defendant for Spoliation is ALLOWED in part. The Court is not persuaded that Demoulas has engaged in the intentional spoliation of evidence. The Court is persuaded, however, that Demoulas knew or reasonably should have known immediately after the Plaintiffs accident that its security camera footage of that event was evidence that might be relevant to a possible legal action. Accordingly, Demoulas’ failure to preserve the Incident Video was, at the very least, negligent conduct that warrants some form of sanction. See Kippenhan v. Chenille Services, Inc., 428 Mass. 124, 127 (1998) (“Sanctions may be appropriate for the spoliation of evidence that occurs even before an action has been commenced, if a litigant or its expert knows or reasonably should know that the evidence might be relevant to a possible action”). An appropriate sanction in the circumstances of this case is to permit the Plaintiff to introduce evidence at trial of the existence and destruction of the Incident Video, and to instruct the jury that it may, if it so wishes, infer from Demoulas’ failure to preserve the Incident Video that it contained evidence adverse to Demoulas. It is so ordered.